IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FERVO ENERGY CO., §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>ORMAT TECHNOLOGIES, INC., §<br>§<br>*Defendant.* §<br>§<br>§<br>§ | Case No. 4:24-cv-00006<br><br><br>Jury Trial Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

This case is about extortion. Ormat Technologies, Inc. ("Ormat") is one of the world's leading supplier of turbines, which are a critical component to some of Fervo Energy Company's ("Fervo") geothermal projects in the United States. When Ormat became concerned that it may lose a bid to supply turbines to Fervo, it began to exert pressure on Fervo—Ormat threatened a baseless patent infringement lawsuit unless Fervo ignored a better turbine bid and chose Ormat as the supplier. When Fervo held firm in the face of Ormat's pressure, Ormat ramped up its threats, sending a demand letter and infringement charts, while at the same time promising it would make the allegations go away if Fervo reversed course, canceled its business with its preferred supplier, and awarded the contract to Ormat. Ormat's blatant, illegal interference with Fervo's business relationships, deceptive trade practices, and efforts to extort Fervo must be stopped; Ormat must be held responsible for the harm it has caused. Fervo also seeks to clear of its name of these meritless infringement accusations because it does not infringe Ormat's patent, and never has.

1

Plaintiff Fervo files this Original Complaint against Defendant Ormat and alleges, based on its own personal knowledge with respect to its own actions and based on information and belief with respect to the actions of others, as follows:

### INTRODUCTION

1. Fervo is a clean-energy startup that was founded in 2017 by Jack Norbeck and Tim Latimer. Norbeck and Latimer sought to utilize their engineering backgrounds to address climate change and sustainability issues.

2. Geothermal energy is critical to the future electric grid in the United States. As such, Fervo's mission has been to leverage innovation in geoscience to accelerate the clean energy transition by providing cost-effective, reliable geothermal energy.

3. Leaning on their oil and gas background, Norbeck and Latimer are industry-wide leaders who have overseen Fervo's key advancements in drilling and subsurface analytics to bring a full suite of modern technology to make geothermal energy cost competitive.

4. Today, Fervo uses drilling technology developed by the oil and gas industry with reservoir stimulation techniques to create reservoirs in rocks deep underground.

5. As a leader in clean energy production, Fervo provides carbon-free energy through the development of next-generation geothermal power.

6. Fervo's industry-leading energy production and vision garnered much attention. Around 2021, Google and Fervo partnered up on a project to supply clean energy to Google so that Google could meet its 24/7 carbon-free energy goal.[1] On November 28, 2023, Google announced that its geothermal project with Fervo is operational, and that this electricity feeds the local grid that serves Google's data centers in Nevada.[2]

---

[1] https://blog.google/outreach-initiatives/sustainability/google-fervo-geothermal-energy-partnership/
[2] *Id.*

7. Fervo's innovation did not end there. Utilizing their know-how, Fervo became the first company to successfully drill a horizontal well pair for commercial geothermal production.[3]

8. Ormat is a leading supplier of geothermal equipment, including turbines. According to its website, Ormat "design[s], build[s] and suppl[ies] power generating equipment for [its] customers' geothermal and recovered energy power plants."[4]

9. Ormat is a company whose yearly sales exceeded $700 million dollars for full year 2022 and is poised to meet or exceed those revenue figures for the full year 2023.[5]

10. Ormat operates globally and holds itself out to be a company that believes "… honesty, openness and fairness must be demonstrated by every Ormat employee, manager or director, at all times."[6] Ormat, however, does not live up to its own standards.

11. In September of 2023, Fervo started construction on a 400-megawatt geothermal power plant project in Beaver County, Utah at Cape Station ("Project Cape"). This power plant will deliver 24/7 carbon-free electricity.[7]

12. Turbines are an essential part of the project because the thermal energy generated by the geothermal system is transferred to a working fluid that drives turbines. The turbines, in turn, run electrical generators which produce electricity.

13. Fervo reviewed numerous bids from different companies to supply turbines for Project Cape, including a bid from Ormat.

14. In the week leading up to Fervo's decision on which bidder to choose, Ormat began to become concerned that it had not made the most competitive bid. In a last-ditch effort to salvage

---

[3] https://fervoenergy.com/fervo-energy-announces-technology-breakthrough-in-next-generation-geothermal/
[4] https://www.ormat.com/en/company/welcome/profile/
[5] https://investor.ormat.com/news-events/news/news-details/2023/Ormat-Technologies-Reports-Fourth-Quarter-and-Year-End-2022-Financial-Results/default.aspx; https://finance.yahoo.com/news/ormat-technologies-inc-nyse-ora-160705909.html
[6] https://www.youtube.com/watch?v=cayqA3_1yac; https://www.ormat.com/en/company/welcome/governance/
[7] https://fervoenergy.com/fervo-energy-breaks-ground-on-the-worlds-largest-next-gen-geothermal-project/.

3

its bid, Ormat threatened Fervo with a patent infringement lawsuit if Fervo did not award the project to Ormat.

15. Fervo, however, did not allow Ormat to bully it into accepting Ormat's bid. Fervo chose the alternative turbine supplier and, within days of learning that Fervo chose the other supplier, Ormat began following through on its threat and sent Fervo a cease-and-desist letter accusing Fervo of infringing United States Patent No. 7,320,221 (the "'221 patent"). Meanwhile, Fervo worked to enter a contract with its supplier.

16. Ormat has since confirmed that its sole purpose for sending the cease-and-desist letter was to strong arm Fervo into disregarding the bidding process and choosing Ormat as its turbine supplier. Ormat has confirmed it will make the infringement allegations go away if, and only if, Fervo takes the project away from the other turbine supplier and gives it to Ormat.

17. Ormat's brazen attempt to extort Fervo and tortiously interfere with Fervo's economic advantage and business relationship with the accepted bidder by making bad faith allegations of infringement is unlawful.

18. Furthermore, Ormat's allegations of infringement create a live, justiciable controversy that entitles Plaintiff to a declaratory resolution by this Court.

**NATURE OF THE ACTION**

19. This is an action for declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code. Fervo seeks a declaratory judgment that the '221 patent is not infringed. A copy of the '221 patent is attached hereto as Exhibit 1.

20. This action is also for violations of Sections 598.0918(1)–(2) and 598.0923(d) of the Nevada Deceptive Trade Practices Act, as well as tortious interference with economic advantage under Nevada law.

## PARTIES

21. Plaintiff Fervo Energy Company is a corporation organized and existing under the laws of the state of Delaware. Its headquarters and principal place of business is located at 114 Main Street, Suite 200, Houston, TX 77002.

22. Defendant Ormat Technologies, Inc., is a for-profit corporation organized and existing under the laws of the state of Delaware. Its principal place of business is located at 6140 Plumas Street, Reno, Nevada, 89519-6075. According to the Texas Comptroller of Public Accounts website, Ormat has an active right to transact business in Texas, but has not registered an agent for service of process in Texas. The registered agent for service of process in the United States is Registered Agent Solutions, Inc. located at 838 Walker Road, Suite 21-2, Dover, Delaware, 19904.

## JURISDICTION & VENUE

23. This action arises in part under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, Title 35 of the United States Code.

24. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 and supplemental jurisdiction over related claims pursuant to 28 U.S.C. § 1367.

25. This Court can provide the declaratory relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least for the reasons set forth in this Complaint.

26. This Court has personal jurisdiction over Ormat because it has minimum contacts with Texas. Specifically, Ormat has acquired at least two energy storage facilities in the state of Texas. First, around April 30, 2020, Ormat announced that the Rabbit Hill Battery Energy Storage System (BESS) facility in Georgetown, Texas was operational.[8] According to Ormat's press release, "Ormat's wholly owned subsidiary Viridity Energy Solutions Inc. designed, built, owns and operates" the facility. Second, in 2023, Ormat announced its acquisition of an energy storage asset in Upton County, Texas from Con Edison Development.[9] According to Ormat's press release, "Ormat will design, build, own and operate a 25 MW battery energy storage system (BESS) project at the site."[10]

27. Ormat has also directed its enforcement of the '221 patent against Fervo who, as Ormat knows, is based in Houston, Texas. Specifically, over the last month and a half, Ormat and Fervo (from Houston) have exchanged numerous communications related to Ormat's attempt to enforce the '221 patent against Fervo—or extort Fervo into changing its choice of supplier. Ormat has alleged that Fervo's enhanced geothermal systems infringe the '221 patent. Ormat has engaged in ongoing communications directed to Fervo in Houston, Texas related to this alleged infringement. Similarly, Ormat has engaged in discussions with executives of Fervo, from Houston, Texas, promising to make its patent infringement accusations go away if Fervo will switch to use Ormat as its supplier.

---

[8] https://www.globenewswire.com/news-release/2020/04/30/2025570/0/en/Ormat-Announces-Commercial-Operation-of-Rabbit-Hill-Battery-Energy-Storage-System-Participating-in-Markets-Run-by-the-Electric-Reliability-Council-of-Texas.html
[9] https://www.ormat.com/en/company/news/view/?ContentId=9193;
https://www.ormat.com/en/projects/all/main/?Country=USA,-TX&Seg=0&Tech=0
[10] *Id.*

28. This district is a judicial district in which a substantial part of the events or omissions giving rise to Fervo's claims occurred. Accordingly, venue is proper in this District under 28 U.S.C. §§ 1391.

## FACTUAL BACKGROUND

29. On September 8, 2023, Fervo released a request for proposal for turbine suppliers for its upcoming project, Project Cape.

30. On October 16, 2023, Fervo received Ormat's bid to the Fervo's turbine supplier for Project Cape.

31. On November 9, 2023, Fervo met with Ormat to discuss Ormat's bid.

32. Four days later, Paul Thomsen, Ormat's Vice President of Business Development, called Tim Latimer, Fervo's CEO and Co-Founder who is based in Houston, and left an unusual voicemail. In a not-so-thinly veiled threat, Thomsen told Latimer that he was holding back the folks looking at the patents while the turbine bid was in play, insinuating that Ormat would be bringing patent infringement claims against Fervo unless Fervo picked Ormat as its supplier of turbines.

33. Fervo did not succumb to Ormat's strong arm tactics and ultimately chose another supplier with a more competitive bid.

34. Then on November 22, 2023, Ormat's General Counsel sent Fervo's General Counsel in Houston a cease-and-desist letter, alleging, in the first sentence of the letter, that Fervo "[wa]s infringing Ormat Technologies, Inc.'s ("Ormat") US Patent No. 7,320,221." *See* Exhibit 2.

35. In the same letter, Ormat demanded that Fervo:

> "(1) immediately cease and desist from all further activity that infringes upon our Patent; (2) provide sufficient information to determine the extent

of the infringement and all proceeds therefrom; (3) pay suitable damages for the infringement; and (4) promptly confirm in writing that Fervo will comply with these demands."

36. The '221 patent is titled "Method and apparatus for using geothermal energy for the production of power" and issued on January 22, 2008. Ormat Technologies, Inc. is listed as the sole assignee of the '221 patent and owns rights, title, and interest in the '221 patent.

37. On December 18, 2023, Ormat's CEO, Doron Blachar, joined a phone call between Ormat and Fervo's executives in Houston. Fervo informed Blachar that Fervo would not negotiate with an entity threatening frivolous lawsuits or give in to extortionist threats. Fervo further conveyed to Ormat that it respects intellectual property rights and Ormat's threats would not help it become a business partner of Fervo.

38. Blachar responded that he would stop beating around the bush and get to the heart of the matter: he insisted that the only thing that mattered was whether Fervo would cast aside its chosen turbine supplier and choose Ormat instead. If Fervo would cast the other supplier aside, Blachar would make the '221 patent infringement allegations go away. If Fervo honored its award of the bid to the other supplier, then it was simple: Ormat would follow through on its extortionist threats.

39. Blachar and Ormat made it 100% clear that, unless Fervo gave in to Ormat's extortion, withdrew the award of the project from the alternative supplier, and gave it to Ormat, Ormat would pursue patent infringement claims against Fervo.

40. The next day, Fervo responded to Ormat's cease-and-desist letter, explaining Fervo's significant concerns regarding the troubling circumstances and timing of Ormat's letter and Fervo's lack of infringement on the '221 patent. Fervo further pointed out that Ormat's initial

demand lacked essential details about the purported infringement. Specifically, Ormat's original letter failed to even specify which claim of the '221 patent was allegedly infringed by Fervo. It also did not identify any product or process that purportedly infringed.

41. On December 22, 2023, Ormat responded to Fervo's December 19, 2023 letter and ramped up its accusations. In this letter, Ormat explicitly accused Fervo of infringement of at least claims 1, 3–7, and 34 of the '221 patent and provided an infringement chart to support it. Ormat provided a deadline for Fervo to respond by January 3, while threatening "to file a suit and seek a preliminary injunction," and indicating Ormat would "have no hesitation in moving forward with legal action." *See* Exhibit 3.

42. Ormat has not offered to license the '221 patent to Fervo. Ormat has only threatened infringement of the '221 patent in the context of Fervo's award of the bid to Ormat's competitor. Prior to that, Ormat had never threatened Fervo with infringement of the '221 patent.

43. Based on Ormat's cease-and-desist letter that expressly accuses Fervo of infringing the '221 patent, its December 22, 2023 letter, which provided an infringement chart and analysis purporting to establish infringement, along with the teleconference discussions in which Ormat affirmed those allegations and expressed its intent to pursue them if Fervo did not give in to Ormat's unrelated business demands, there exists a justiciable case and controversy between the parties based on Ormat's accusation of infringement.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '221 patent)**

44. The facts and allegations contained in the preceding paragraphs are incorporated by reference herein.

45. Ormat owns rights, title, and interest in the '221 patent.

46. Ormat has accused Fervo of infringing Ormat's patents. Fervo does not infringe, and has not infringed, any claims of the '221 patent. Thus, an actual, substantial controversy exists between Fervo and Ormat concerning Fervo's non-infringement of the '221 patent.

47. Fervo does not infringe any of the claims of the '221 patent at least because no Fervo method, product, or service meets or embodies the limitation of at least claim elements 1c and 34V. For example, Fervo does not perform a method of recovering geothermal heat which comprises the step of "[p]roviding a second, horizontal, geothermal well in the ground, which is used as said production well, such that said second, horizontal, production, geothermal well is substantially horizontally and vertically spaced from said first, horizontal, injection geothermal well by a distance dependent on the elevated temperature." *See* '221 patent at cl. 1c. As another example, Fervo does not perform a method for assuring the flow of geothermal fluid from at least an injection well to at least a production well which comprises the step of "[g]enerating a water density difference and a pressure difference between said first horizontal well and said second horizontal well by providing a fluid pump connected to said second horizontal well." *See* '221 patent at cl. 34V.

48. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Fervo is entitled to a declaration that the claims of the '221 patent are not, and have not been, infringed by Fervo.

49. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by Ormat. Further, it would put an end to Ormat's effort to extort Fervo by accusing Fervo of infringing the '221 patent.

## COUNT II

**(Violations of Nevada Deceptive Trade Practices Act §§ 598.0918(1),(2), 598.0923(d))**

50. The facts and allegations contained in the preceding paragraphs are incorporated by reference herein.

51. As a company with its principal place of business in Nevada, Ormat is subject to the laws of Nevada, including the Nevada Deceptive Trade Practices Act ("NDTPA").

52. Under the NDTPA, a person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she knowingly uses "coercion, duress or intimidation in a transaction." Nev. Rev. Stat. § 598.0923(d).

53. As described more fully above, Ormat has repeatedly threatened and attempted to intimidate Fervo into agreeing to Ormat's demand that it be the exclusive equipment supplier for Project Cape by holding a bad faith lawsuit for patent infringement over Fervo's head. Ormat made these threats before Fervo chose its equipment supplier and escalated its intimidation tactics as soon as Fervo exercised its right to conduct its business as it sees fit and chose a more competitive bid.

54. Ormat's attempt to coerce Fervo into forfeiting its right to choose the best possible bid and equipment supplier, and otherwise run its business as it sees fit, is abusive and a violation of Nevada's Deceptive Trade Practices Act.

55. As a result of Ormat's violations, Fervo has suffered harm, including by being forced to expend money and resources responding to Ormat's extortionist tactics, including costs of attorneys, time of personnel, travel costs.

56. Therefore, Fervo seeks monetary relief for the damages it has sustained, any equitable relief the court sees fit, and Fervo's costs and reasonable attorneys' fees. Nev. Rev. Stat. § 41.600.

## COUNT III

### (Tortious Interference with Economic Advantage)

57. The facts and allegations contained in the preceding paragraphs are incorporated by reference herein.

58. As a company with its principal place of business in Nevada, Ormat is subject to the laws of Nevada.

59. Under Nevada law, a defendant tortiously interferes with economic advantage if it knows of a prospective contractual relationship between the plaintiff and a third party, intends to prevent the relationship without privilege or justification, and causes the plaintiff harm.

60. Ormat knew that Fervo had a prospective contractual relationship with the successful bidder to supply turbines for Project Cape.

61. As explained more fully above, rather than accept that its bid was not the most competitive, Ormat attempted to prevent Fervo's contractual relationship with the successful bidder by baselessly threatening to sue Fervo for infringement of the '221 patent if Fervo did not rescind its award of the contract to the successful bidder and choose Ormat instead.

62. Ormat has no right to dictate Fervo's business decisions or demand that its bid be selected for Project Cape. Clearly unconcerned about Fervo's purported infringement of the '221 Patent, Ormat has repeatedly offered to make those allegations go away if Fervo breaches its agreement with Ormat's competitor and chooses Ormat instead.

63. Threatening a meritless lawsuit to try to force a company to do business with you is unfair, unreasonable, improper, and unlawful.

64. As a result of Ormat's interference, Fervo has suffered harm, including by being forced to expend money and resources responding to Ormat's extortionist tactics, including costs of attorneys, time of personnel, travel costs.

65.     Fervo accordingly seeks monetary relief against Ormat for interfering with the prospective contractual relationship with the successful bidder to provider turbines for Project Cape, as well as any punitive damages, equitable relief and attorneys' fees to which Fervo would be entitled.

**JURY DEMAND**

Fervo demands a jury trial on all claims and issues so triable.

**PRAYER**

Fervo respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. A declaration that Fervo does not infringe any claims of the '221 patent.

B. An order that Ormat take nothing;

C. An order finding that this is an exceptional case and an award to Fervo of all remedies available under 35 USC § 285, including costs and reasonable attorneys' fees;

D. Compensatory damages;

E. Equitable relief as deemed just and proper by the Court;

F. Attorneys' fees and costs as to Fervo's Nevada Deceptive Trade Practices Act claims pursuant to Nev. Rev. Stat. § 41.600; and

G. An award to Fervo of any other relief that the Court deems just and proper.

Dated: January 2, 2024      Respectfully submitted,

*/s/ Jason S. McManis*
Jason S. McManis
State Bar No.: 24088032
Federal ID No.: 3138185
John Zavitsanos
State Bar No.: 22251650
Federal ID No.: 9122
Enes Ovcina
State Bar No.: 24134177
Federal ID No.: 3860703
Sujeeth Rajavolu
State Bar No.: 24127961
Federal ID No.: 3863349
Hailey Pulman
State Bar No.: 24121469
Federal ID No.: 3835977
**AHMAD, ZAVITSANOS & MENSING, PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
jzavitsanos@azalaw.com
jmcmanis@azalaw.com
eovcina@azalaw.com
srajavolu@azalaw.com
hpulman@azalaw.com

*Attorneys for Plaintiff*
**Fervo Energy Company**